UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Gates, Angla L.	Case No. 18-47902-MBM
	Chapter 7
    Debtor.	Hon. Marci B. McIvor
_____/

Wendy Turner Lewis, Chapter 7 Trustee,	Adv. Proc. No. 19-

    Plaintiff,
vs.

Craig E. Gates,

    Defendant.
_____/

## COMPLAINT TO SELL REAL PROPERTY

**NOW COMES** Plaintiff, Wendy Turner Lewis, Chapter 7 Trustee, by and through the undersigned attorneys, DAKMAK PEURACH, P.C., and for this Complaint to sell real property pursuant to 11 USC §363(h) against the Defendant states as follows:

## COMMON ALLEGATIONS

1. Plaintiff, Wendy Turner Lewis, is the duly appointed and acting Trustee in the underlying bankruptcy case, which was filed by Debtor Angla L. Gates under Chapter 7 of the United States Bankruptcy Code on or about May 31, 2018.

2. This Court has subject matter jurisdiction of this adversary proceeding pursuant to 28 USC §1334.

3. This adversary proceeding is a core proceeding pursuant to 28 USC §157(b)(2)(N).

4. The venue of this adversary proceeding is proper in this Court pursuant to 28 USC §1409.

5. The Plaintiff has authority to bring this action pursuant to 11 USC §363 and Bankruptcy Rule 7001.

6. The Debtor and the Defendant are joint owners of the real property commonly known as 20320 Alger, Saint Clair Shores, MI 48080 (hereinafter, the "Real Property") and having the following legal description:

   ```
   LAND SITUATED IN SAINT CLAIR SHORES. MACOMB COUNTY,
   MICHIGAN

        THE WESTERLY 14 FEET OF LOT 386 AND ALL OF LOT 387
        OF DALBY AND CAMPBELL'S MACK AVE SUBDIVISION NO. 1,
        ACCORDING TO THE PLAT THEREOF RECORDED IN LIBER 9
        OF PLATS, PAGE(S) 57 OF MACOMB COUNTY RECORDS.

   Commonly known as: 20320 ALGER, SAINT CLAIR SHORES, Ml
   48080

   Tax Parcel Number: 14-33-254-009
   ```

7. The Real Property is scheduled on the Debtor's Amended Bankruptcy Schedules at Schedule A with a stated value $130,000.00.

8. The Real Property is included among the property of the bankruptcy estate pursuant to 11 USC §541.

## COUNT I – SALE OF REAL PROPERTY PURSUANT TO 11 USC §363(h)

9. Plaintiff incorporates by reference paragraphs 1 through 8 above.

10. The Real Property has a market value of approximately $145,000.00 and is owned by the Debtor and the Defendant as husband and wife.

11. Pursuant to 11 USC §363(h), the Trustee may sell both the estate's interest and the interest of any co-owner in property if --

    (1) partition in kind of such property among the estate and such co-owners is impracticable;
    (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
    (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and,
    (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

12. Upon information and belief, partition of the Real Property is impracticable because it is a single family residence.

13. A sale of the bankruptcy estate's undivided interest in the Real Property will realize significantly less for the estate than a sale of the Real Property free of the interests of the Defendant.

14. The benefit to the bankruptcy estate of the proposed sale of the Real Property free of the interests of the Defendant outweighs any detriment to the Defendant.

15. The Real Property is not used in the production, transmission, or distribution, for sale, of any form of energy.

16. Pursuant to § 363(j), "[a]fter a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the […] co-owners of such property […] and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such […] co-owners, and of the estate." 11 USC §363(j).

**WHEREFORE**, Plaintiff, Wendy Turner Lewis, Chapter 7 Trustee respectfully requests that this Honorable Court enter a Judgment authorizing her to sell the 20320 Alger, Saint Clair Shores, MI 48080 property over and above the interests of the Defendant pursuant to 11 USC §363(h) and after such sale to distribute to the Defendant such proceeds as may be required by 11 USC §363(j). The Plaintiff further requests that the Judgment entered in this Adversary Proceeding

authorize the Plaintiff to act as the Defendant's attorney in fact with respect to the execution of such documents that are necessary for the Plaintiff to sell the Real Property. The Plaintiff further requests that the Court grant any such further relief that is just and proper.

                                        Respectfully submitted,

                                        DAKMAK PEURACH, P.C.

                                        /s/ James J. Tocco
                        By: _____
                                        James J. Tocco (P68351)
                                        Attorney for the Plaintiff
                                        41740 Six Mile Road, Suite 101
                                        Northville, MI  48168
                                        (248) 349-0500 / 349-0600 (fax)
Date:  February 21, 2019              jtocco@gdakmak.com